IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANNON MAURICE GUYTON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 25-CV-01279-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Shannon Maurice Guyton, an inmate currently incarcerated at FCI Memphis in Tennessee brings the instant action to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Guyton raises two arguments: he first argues that his sentence is unlawful because his designation as a career offender under the United States Sentencing Guidelines §4B1.1 (hereinafter "Sentencing Guidelines" or "U.S.S.G.") was predicated on two Missouri convictions he contends do not constitute "crimes of violence" as defined by §4B1.2(a) of the Sentencing Guidelines; his second argument is that his trial counsel was ineffective, which violates his rights under the Sixth Amendment to the U.S. Constitution. (*Id.*). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

On March 24, 2023, a federal grand jury indicted Petitioner Shannon Guyton with one Count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count I") and one Count of Transportation in Aid of Racketeering Enterprise in violation of 18 U.S.C. §§ 1952(a)(1), 1952(a)(3), and 1952(b) ("Count VII"). *See United States v. Guyton*, Case No. 3:23-cr-30035-SPM-9 (Doc. 1). On June 10, 2024, Petitioner Guyton pleaded guilty to Counts I and VII alleged against him as charged. *Id.* (Doc. 257). On March 31, 2025, this Court sentenced Defendant Guyton to 96 months of imprisonment as to Count I of the Indictment and 60 months as to Count VII of the Indictment, both terms to run concurrently, to be followed by a term of three years of Supervised Release as to both counts to run concurrently.[1] *Id.* (Doc. 327).

On June 23, 2025, Petitioner Guyton filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Petitioner Guyton raises two challenges the lawfulness of his sentence. First, Petitioner argues that his designation as a career offender under § 4B1.1 of the Sentencing Guidelines was predicated solely on two prior Missouri convictions for First Degree Assault under MO. REV. STAT. § 565.050, which, Petitioner argues, do not categorically qualify as "crimes of violence" as defined by § 4B1.2(a) of the Sentencing Guidelines based on

---

[1] Defendant Guyton was additionally sentenced to pay a fine of $200 and a special assessment of $200. *United States v. Guyton*, Case No. 3:23-cr-30035-SPM-9. (Doc. 327).

Supreme Court and U.S. Court of Appeals for the Eighth Circuit precedent. (*Id.*, p. 4). Petitioner argues that the improper career offender designation subjected him to a substantially inflated Guidelines calculation, escalating his calculated range from an appropriate 87-108 months to a career offender range of 151-188 months. (*Id.*). Guyton's second challenge to the lawfulness of his sentence is a claim of Ineffective Assistance of Counsel in violation of the Sixth Amendment to the U.S. Constitution. (*Id.*, p. 6). Petitioner asserts that his trial counsel's failure to object to the application of the career offender enhancement constituted a grave deviation from the standard of effective representation required under *Strickland v. Washington*. (*Id.*, p. 14). Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Guyton is not entitled to habeas relief.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent United States of America shall answer or otherwise plead on or before September 11, 2025. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.

Guyton is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failing to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 12, 2025

                                        <u>*s/ Stephen P. McGlynn*</u>
                                        **STEPHEN P. McGLYNN**
                                        **U.S. District Judge**