IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANNON MAURICE GUYTON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 25-CV-01279--SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Shannon Maurice Guyton, an inmate who was incarcerated at FCI Memphis in Tennessee at the time he filed the instant petition. (Doc. 1; *see* Doc. 11). In his Petition, Guyton asserts that the sentencing guidelines range was improperly calculated because he was mistakenly treated as a career offender under the guidelines, and that his counsel was ineffective for failing to raise this issue. For the following reasons set forth below, the Petition is **DENIED**.

RELEVANT FACTS AND PROCEDURAL HISTORY

On June 10, 2024, Guyton pleaded guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841 and 846 ("Count I") and Transportation in Aid of Racketeering Enterprise in violation of 18 U.S.C. § 1952 ("Count VII"). *United States v. Guyton*, Case No. 3:23-cr-30035-SPM-9, (Docs. 256–57). On March 31, 2025, this Court sentenced Guyton to 96 months of imprisonment

Page 1 of 5

as to Count I and 60 months as to Count VII, with both terms to run concurrently, to be followed by concurrent three-year terms of Supervised Release for each Count, as well as a $200 fine and a $200 special assessment. *Id.*, (Doc. 327).

On June 23, 2025, Guyton filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). On December 19, 2025, the Government filed its Response. (Doc. 10).

## Applicable Legal Standards

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, section 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under section 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)); *see Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) ("[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process."). Section 2255 cannot be used as a substitute for a direct appeal or to relitigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th

Cir. 2003), *cert. denied*, 540 U.S. 926 (2003).

Section 2255 requires a court to vacate, set aside or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

## ANALYSIS

Guyton argues that the guidelines range for his sentence was improperly calculated because his two prior Missouri convictions for assault in the first degree were erroneously treated as "crimes of violence," making him a "career offender" pursuant to U.S.S.G. § 4B1.1(a). (Doc. 1). He further argues that his counsel was ineffective for failing to object to his prior convictions being treated as crimes of violence. (*Id.*). These arguments have no merit because Guyton's Missouri convictions for assault in the first degree are crimes of violence under U.S.S.G. § 4B1.1(a)(3).

"A 'crime of violence' is 'any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Minnis*, 872 F.3d 889, 891 (8th Cir. 2017) (quoting U.S.S.G. § 4B1.2(a)(1)). Under the Missouri law governing Guyton's assault convictions for his 1995 conduct, (*see* Doc. 10, Ex. A, p. 5), "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person," Mo. Rev. Stat. § 565.050.1 (1994). This crime could

be either a Class A or B felony, Mo. Rev. Stat. § 565.050.2 (1994),[1] making it punishable by "a term of years not less than ten years and not to exceed thirty years, or life imprisonment" or "a term of years not less than five years and not to exceed fifteen years," Mo. Rev. Stat. § 558.011.1(1)–(2) (1994).[2] The crime had as an element that the perpetrator (1) attempted to kill, (2) knowingly caused serious physical injury, or (3) attempted to cause serious physical injury to another person. Because the crime is punishable by a term of imprisonment of more than a year and it has as an element use or attempted use of physical force against the person of another, it is a crime of violence pursuant to U.S.S.G. § 4B1.1(a)(3). *Accord Minnis*, 872 F.3d at 892 (Missouri's "attempted first-degree assault is a crime of violence").

Guyton purports to quote *United States v. Bell*, 840 F.3d 963, 965-66 (8th Cir. 2016), and *United States v. Thomas*, 886 F.3d 1274, 1277 (8th Cir. 2018), claiming that the cases say that a Missouri assault in the first degree conviction could be based on reckless conduct. (Doc. 1, p. 10). Both purported quotes do not appear in the cited cases, and neither case discusses Missouri law on assault in the first degree. *See Bell*, 840 F.3d at 964 (robbery); *Thomas*, 886 F.3d at 1275 (controlled substance offenses).

### CONCLUSION

For the reasons set forth above, Shannon Maurice Guyton's Motion to Vacate, Set Aside, or Correct Sentence field pursuant to 28 U.S.C. 2255 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter

---

[1] "Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony." Mo. Rev. Stat. § 565.050.2 (1994).

[2] Although these terms included both the incarcerated time and the period of conditional release for some felonies, it was the length of incarcerated time for "Dangerous felon[ies]" like assault in the first degree. Mo. Rev. Stat. §§ 556.061(8), 558.011.4(1).

judgment accordingly and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: June 18, 2026**

_____
**STEPHEN P. MCGLYNN**
**United States District Judge**